## KENNEDY'S APPEAL.

In order to obtain an issue under the Act of April 20, 1846 the affidavit must not only aver that there are material facts in dispute, but must set forth the nature and character thereof with precision.

Appeal from the Common Pleas of Lackawanna County. No. 163 January Term, 1883.

The petition for an issue was as follows:

The petition of W. D. Kennedy and F. B. Silkman, assignees of the Citizens' and Miners' Saving's Bank and Trust Company, respectfully represents:

' That the fund for distribution in this case arises from the sale of lots No. 1 and No. 2, in block F, on the above stated judgment which was obtained on a sci. fa. sur mortgage on said lots dated 23 Nov., 1872, for $6,800. That the plaintiff purchased said lots for the sum of $4,000 and claiming to be lien creditors entitled to receive the whole of the proceeds of said sale, they gave their receipt for their bid less the costs of the sale, and the Sheriff has so returned the same.

. That your petitioners are lien creditors of the above named E. L. Riggs, based on a mortgage dated April 11, 1877, recorded August 26, 1879 in mortgage book No. 1, p. 395, in the office for recording deeds, &c., in Lackawanna County on the lands sold on the sci. fa. in this case, the proceeds of which is the fund here for distribution. This mortgage was

given by the said E. L. Riggs to John B. Gillespie and by him assigned to D. C. Lake, cashier of the Citizens' and Miners' Saving's Bank and Trust Company.

That as such lien creditors, they are interested in the distribution of the proceeds of such sale.

That the mortgages claimed on by the Enterprise Building and Loan Association are in the order of their record:

. 7 February, 1870 .... ...................... .... $1,000
10 April, 1872 ....................................... 1,000
 1 May, 1872 ...... ...... ..................... 2,000
27 November, 1872 ..........................·..... .... 6,800
12 November, 1873 .......................·........... 2,000

That the sale in this case was made on the fourth mortgage

That your petitioners question and dispute the right of the Enterprise Building and Loan Association, the purchasers of said real estate, to the money mentioned in the return of the Sheriff.

That there are material facts in dispute in relation to the distribution of the proceeds of said sale, the nature and character of which are as follows:

1. The Enterprise Building and Loan Association claim and allege that E. L. Riggs gave to said association the mortgage upon which the above judgment was obtained to secure a loan from said association on 34 shares of stock, which your petitioners deny.

2. The Enterprise Building and Loan Association claim and allege that E. L. Riggs gave to said association the mortgage upon which the above judgment was obtained, and the other mortgage claimed upon to secure a loan from said association on stock of said association, owned by the said E. L. Riggs, issued by said association within fifteen hundred shares, that being the maximum number permitted to be issued by the charter of the said association. This your petitioners deny..

3. The Enterprise Building and Loan Association claim and allege that $1,771 credited to E. L. Riggs upon the books of the association should not be credited upon the mortgages upon which the said association claims, which your petitioner deny.

4. The Enterprise Building and Loan Association claim and allege there is due upon the mortgages upon which the said association claim the sum of $11,376.87, as follows:

| | |
|---|---:|
| Mortgage 24 Dec., 1879, recorded 7 Feb., 1870 . . $ | 888 82 |
| Mortgage 26 March, 1872, recorded 10 April, 1872 . | 888 82 |
| Mortgage 27 April, 1872, recorded 1 May, 1872 . . | 1,777 64 |
| Mortgage 23 Nov., 1872, recorded 27 Nov., 1872 . . | 6,043 95 |
| Mortgage 4 Oct., 1873, recorded 12 Nov., 1873 . . | 1,777 64 |

$11,376 87

This your petitioners deny, and allege that there is no sum due.

5. The Enterprise Building and Loan Association claim and allege that the mortgage upon which the judgment in this case was obtained and upon which the sale was made, and the other mortgages claimed upon, were given as collateral security for loans upon shares of stock in said association by the said E. L. Riggs, but in excess of the number allowed to be held by any one stockholder. This your petitioners deny.

---

An affidavit of the truth of the petition was appended. The Court refused the application for an issue in the following opinion, per,

HAND J.

Application for issue under the act of 1846.

In this case an auditor was appointed. He had proceeded to a final hearing when this petition was presented to him and he stopped further proceedings before himself, and referred the petition to the Court. We think the practice of asking for an auditor or going before an auditor and ascertaining in one trial facts, and then petitioning the Court for an issue under the Act of April 20th, 1843, P. L. 411, was never contemplated by the powers of that Act. If the auditor is once appointed under the act of 1846, the more proper mode would be this: To hold the parties to their issue under the Act of June 16th, 1836, P. L. 777. This petition has, however, been argued as

if presented to the Court in the first instance, and we pass upon it. The statement of facts in which the issue is asked is not sufficient for us to determine what the issue is. The cases are all stated in the negative form. as a claim made by the lien creditor, who is the purchaser, and denied by the applicants.

The application does not exclude other claims which the lien creditor may make which would make him a lien creditor. A statement of the facts in other words is not made from which a proper issue can be made, and which denies the validity of the mortgage in this case.

---

Kennedy and Silkman then appealed, complaining of the refusal of the Court to grant an issue as prayed for.

L. Ammerman, Esq., for plaintiff in error, argued that the plaintiff is entitled to an issue when he demands it as a matter of right, and cited Act of April 20th, 1846, P. Laws 411 ; Act June 16th, 1836, P. Laws 777 ; Reigart's Appeal, 7 W. & S., 267 ; Bichel vs. Bank, 3 Watts 140 ; Trimble's Appeal, 6 Watts 133 ; Dormer vs. Brown, 72 Pa. 404 ; Gentner vs. Gentner, 4 W. N. C. 139 ; White vs. Lucas, 4 Phila. 30.

The Supreme Court affirmed the decree of the Common Pleas on March 5th, 1883, in the following opinion,

PER CURIAM.

To obtain an issue in this case it was not sufficient to aver that material facts were in dispute ; the affidavit must go further, "and set forth the nature and character thereof." It is not sufficient to aver in general terms, that certain sums specified were not due on either of the mortgages. The time and manner of payment must be averred with reasonable certainty. The Court committed no error in holding that no material facts were set forth in the affidavit with sufficient precision to justify the ordering of an issue.

Decree affirmed and appeal dismissed at the costs of the appellant.